**LIBERTY MUTUAL INS. CO. et al.**

v.

**RHODE ISLAND INSURERS' INSOLVENCY FUND et al.**

**No. 95–215–Appeal.**

Supreme Court of Rhode Island.

April 25, 1996.

Patricia Asquith, Donna DiDonato, Thomas Plunkett, Providence.

Elizabeth Kelleher, Thomas Angelone, Providence, Joseph Marrow, Boston, MA.

**ORDER**

This matter came before a panel of the Supreme Court for oral argument on April 16, 1996, pursuant to an order that directed the parties to show cause why this appeal should not be summarily decided. The defendant, Rhode Island Insurers' Insolvency Fund (the fund), has appealed from a Superior Court judgment in favor of the plaintiff, Liberty Mutual Insurance Co. (Liberty Mutual). After hearing the arguments of counsel and reviewing the briefs submitted by the parties, we are of the opinion that cause has

not been shown and the case will be decided at this time.

On October 16, 1986, Michael Adjeleian (Adjeleian), a student at Rhode Island School of Design (RISD), was allegedly injured on the premises of C.A. Brown, Inc. (C.A. Brown), during a school field trip. At the time of the accident, C.A. Brown was insured by American Universal Insurance Company (American Universal), and RISD was insured by Liberty Mutual. Adjeleian filed suit against RISD and C.A. Brown as joint tortfeasors, seeking compensation for his injuries.

On January 8, 1991, American Universal became insolvent. In January 1994, Liberty Mutual brought the instant action, seeking a declaratory judgment against the fund and C.A. Brown. Liberty Mutual sought a declaration that it was entitled to indemnification or contribution from the fund as to any liability it may incur as a result of Adjeleian's claim. The fund filed a motion for summary judgment on December 5, 1994, seeking a declaration that the fund had no contribution or indemnification obligation until the coverage available under RISD's Liberty Mutual policy had been exhausted.

The trial justice granted summary judgment for Liberty Mutual on the basis of his findings in respect to the Rhode Island Insurers' Insolvency Fund Act (Act). The current version of the section that addresses duplication of recovery, G.L.1956 (1994 Reenactment) § 27–34–12, provides:

"(a) Any person having a claim against an insurer under any provision in an insurance policy other than a policy of an insolvent insurer which is also a covered claim, shall be required to exhaust first his or her right under that policy. Any amount payable on a covered claim under this chapter shall be reduced by the amount of any recovery under the insurance policy."

This version of § 27–34–12 was enacted in July 1988, subsequent to Adjeleian's accident, but prior to American Universal's insolvency. Prior to July 1988, the statute read as follows:

"Any person (including any individual, partnership, association or corporation) having a claim against his insurer under any insolvency provision contained in his insurance policy, which claim arises out of the insolvency of a participating insurer, shall be required to exhaust first his rights under such policy and his rights to recover such claim under the provisions of this chapter shall be reduced accordingly. Any amount paid a claimant in excess of the amount authorized by this chapter may be recovered by action brought by or on behalf of the fund."

G.L.1956 (1979 Reenactment) § 27–34–12. The trial justice found that the July 1988 version of § 27–34–12 would not apply retroactively to Adjeleian's claim which arose in 1986. On appeal, the fund argued that the trial justice erred in finding that the date of the accident would determine the applicable statute. The fund contended, rather, that the date of insolvency, not the date that the claim arose, is determinative of which statute to apply. We agree.

Section 27–34–5(10) defines an insolvent insurer as an insurer "against which an order of liquidation with a finding of insolvency has been entered on or after July 1, 1988." Additionally, a covered claim is defined, in § 27–34–5(8), as "an unpaid claim * * * which arises out of and is within the coverage and subject to the applicable limits of an insurance policy to which this chapter applies issued by an insurer, if the insurer becomes an insolvent insurer on or after July 1, 1988." It is clear from these definitions that the General Assembly intended the date an insurer becomes insolvent to be the pivotal date in determining whether the July 1988 act applies to a given claim. Therefore, it is our opinion that the current version of the Act applies to claims involving an insurer that became insolvent on or after July 1, 1988.

Because we hold that the trial justice erroneously applied the former rather than the current statute, we sustain the appeal and reverse the judgment of the trial justice.

This case is remanded to the Superior Court for further proceedings.

WEISBERGER, C.J., and MURRAY, J., did not participate.